United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Fibertex Corporation, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| New Concepts Distributors Int'l, LLC, Janice Santiago, and Rafael G. Segarra, Defendants. | ) ) ) ) |
| | ) Civil Action No. 20-20720-Civ-Scola |
| New Concepts Distributors Int'l, LLC, Counter-Plaintiff, | ) ) ) |
| v. | ) ) |
| Fibertex Corporation, Counter-Defendant. | ) ) ) |

**Order Adopting Report and Recommendations**

Plaintiff Fibertex Corporation ("Fibertex") seeks a preliminary injunction against Defendants New Concepts Distributors Int'l, LLC, Janice Santiago, and Rafael Segarra (collectively "New Concepts") to prevent New Concepts from further misappropriating the Co'Coon marks and tradename and to stop further consumer confusion (Pl.'s Mot. for Inj., ECF No. 23.) The Court referred the motion to United States Magistrate Judge Edwin G. Torres for a report and recommendation (Order, ECF No. 43). Judge Torres issued a report and recommendation, recommending that the Court grant the motion in part (Rep. & Rec., ECF No. 91.). New Concepts timely objected to the report (Def.'s Objs., ECF No. 92) and Fibertext responded to those objections (Pl.'s Resp., ECF No. 93.) The Court has reviewed—de novo—Judge Torres's report, the record, and the relevant legal authorities and adopts his recommendation and report in its entirety, overruling New Concepts's objections, and, thus, granting in part Fibertex's motion for a preliminary injunction (ECF No. 23.)

### 1. Background

This matter stems from Fibertex's and New Concepts's former business relationship involving the compression shapewear clothing industry. Plaintiff Fibertex, a Colombian company, manufactures and sells compressions

shapewear garments under the "Co'Coon" word trademark and composite trademark (Compl. ¶ 1, ECF No. 1.) New Concepts, a Florida company, is a multi-brand distributer of garments. (*Id.*) New Concepts also manufactures and sells compression shapewear garments under its own trademark "Curveez." (*Id.* ¶ 30.)

Between 2006 and 2019, Fibertex authorized New Concepts to sell its Co'Coon products in the United States (*Id.* ¶ 25.) New Concept purchased products from Fibertex, and with its consent used the Co'Coon marks to advertise the Co'Coon products and re-sell them at a markup to retailers, including third-party websites. (*Id.* ¶ 26.)

The parties' business relationship deteriorated in 2019 when Fibertex learned that in January 2019 New Concepts filed with the United States Patent and Trademark Office ("USPTO") a Declaration of Incontestability of the Co'Coon word trademark. (*Id.* ¶ 36.) The filing incorrectly identified New Concepts as the new proposed owner of the mark that was to replace Fibertex. (*Id.*) Fibertex also learned that New Concepts and its retailers were misusing the Co'Coon marks and products. For instance, three third-party websites were using the Co'Coon marks to sell Curveez products causing customer confusion. (*Id.* ¶ 44.) In November 2019, Fibertex also discovered that New Concepts was retagging Co'Coon products with competing Curveez tags and selling the garments as such. (*Id.* ¶¶ 49-51.)

On February 19, 2020, Fibertex filed a complaint against Defendants alleging (1) trademark counterfeiting and infringement; (2) false designation of origin, unfair competition; (3) cyberpiracy; (4) Florida's Deceptive and Unfair Trade Practices Act; (5) breach of contract; and (6) Florida's common law unfair competition. (ECF No. 1.) Fibertex moved for a preliminary injunction to prevent New Concepts from engaging in future trademark infringement, and to stop third-party websites from infringing on its trademarks (ECF No. 23.) Fibertex's motion for preliminary injunction was referred to Judge Torres for a report and recommendations. Judge Torres held an evidentiary hearing on September 2, 2020, which was continued to September 16, 2020, and entered a report and recommendation recommending that Fibertex's motion be granted in part and denied in part. (Rep. & Rec., ECF No. 91.)

New Concepts timely objected to the report, arguing that Judge Torres misinterpreted the evidence and erred in his conclusion that Fibertex had met its heavy burden of establishing its entitlement to a preliminary injunction (Def.'s Objs., ECF No. 92.) Fibertex responded to New Concepts's objections, countering that it had met its burden as to every element for granting its motion. (Pl.'s Res., ECF No. 93).

### 2. Standard of Review

This Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). After a magistrate judge issues a report and recommendation, a party wishing to preserve its objections "must clearly advise the district court and pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the proposed findings and recommendations."). The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3).

Objections that are conclusory, general, or simply rehash or reiterate the original briefs to the magistrate judge are not entitled to de novo review. *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (Moreno, J.). These kinds of objections are instead reviewed for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

### 3. Discussion

To obtain a preliminary injunction, a party must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005); *see also Levi Strauss & Co. v. Sunrise Int'l. Trading Inc.*, 51 F.3d 982, 985–86 (11th Cir. 1995) (applying the test to a preliminary injunction in a Lanham Act case). Judge Torres found that Fibertext had met its burden on each of these elements. The Court agrees.

The Court has carefully reviewed New Concepts's objections and finds them unavailing. New Concept's first objection is that Judge Torres erred when he concluded that Fibertext had met its burden of establishing a substantial likelihood of success of its trademark infringement claim. New Concepts argues that the record is devoid of evidence of consumer confusion or intent to confuse (ECF. 92 at 6.) This objection is overruled. As found by Judge Torres, Fibertex produced evidence of actual consumer confusion. For instance, one of the third parties New Concepts sold products to advertised Curveez garments as the "new Co'Coon." (ECF No. 91 at 12). This confusion occurred around the same time that New Concepts told that third-party website it would no longer supply it with Co'Coon products but with Curveez products; and within the same year that New Concepts erroneously filed the Declaration of Incontestability of the Co'Coon word mark with the USPTO. Additionally, New Concepts used the

Co'Coon marks to sell Curveez products on websites that consumers would expect to purchase Co'Coon products. For instance, when customers would visit cocoonshapers.com, a domain controlled by New Concepts, they would be redirected to New Concepts's main webpage ncdiusa.com, later Curveez.com. Indeed, New Concepts's president Janice Santiago testified that even after notice of this action, New Concepts did not immediately take down the domain cocoonshapers.com, but rather re-directed consumers to New Concepts's main webpage (Tr. Evid. Hr'g Sep. 2, 2020, ECF No. 85 at 108:8-25.)

In support of its first objection, New Concepts offers one instance in which a consumer noticed that a third-party website stopped listing the Co'coon brand. (ECF 92 at 3). This single instance of a communication referencing the acts of a third-party does not overcome the evidence of New Concepts's misconduct. New Concepts also asserts that a third-party website retailer does not use consumer reviews for Co'Coon products to promote only Curveez products, rather that website mixes all reviews over several brands. *(Id.* at 4). This argument not only weighs in favor of the existence of customer confusion but also shows intent to confuse because New Concepts did not correct the third party's reliance on Co'Coon reviews to sell other brands, including Curveez.

New Concepts further argues that the report errs in concluding that New Concepts exceeded the scope of Fibertex's consent and infringed on the Co'Coon mark by using the marks to sell Curveez products. (ECF No. 92 at 5.) New Concepts contends that its web-based platforms, like its Instagram page and the Curveez.com website, do not use the Co'Coon mark at all except to catalog photos of products. (*Id.*) This contention is unsubstantiated and does not overcome the evidence of consumer confusion found by Judge Torres.

New Concepts also objects to Judge Torres's finding that it had contributed to third parties' infringement of the Co'Coon marks because there is no evidence that New Concepts instructed, intended or requested third parties to misuse the marks. (ECF No. 92 at 8.) This objection rehashes an argument rejected by Judge Torres and thus is entitled to clear error review. "If a manufacturer or distributor intentionally induces another to infringe a trademark, *or if it continues to supply its product to one whom it knows or has reason to know is engaging in trademark infringement*, the manufacturer or distributor is contributorily responsible for any harm done as a result of the deceit." *Luxottica Grp., S.p.A. v. Airport Mini Mall, LLC*, 932 F.3d 1303, 1312 (11th Cir. 2019) (emphasis added). Here, as Judge Torres found, New Concepts does not dispute knowledge of the third-party website's infringing use of the Co'Coon marks or that it continues to provide it Curveez products that will later be marketed as the new Co'Coon.

Additionally, New Concepts contends that under the "first sale" or "exhaustion" doctrine, the trademark protections of the Lanham Act are exhausted after the trademark owner's first authorized sale of that product, and thus New Concepts is shielded from liability (ECF No. 92 at 7-8). The Court declines to consider New Concepts's exhaustion argument as it was not presented to the Magistrate Judge in the first instance. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (affirming district court's decision not to consider arguments first raised in objections to report and recommendation, explaining "a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge"); *see also Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987) (recognizing that parties must take before the magistrate judge "not only their best shot but all of their shots").

New Concepts third objection is that Judge Torres incorrectly found that Fibertext had shown it was likely to succeed on its cyberpiracy claim under 15 U.S.C. § 1125(d). (ECF No. 92 at 7). The Court has carefully reviewed Judge Torres's analysis and agrees with him that the evidence shows that cocoonshapers.com, a website in New Concepts's direct control, is a domain confusingly similar to the protected Co'Coon word mark and that New Concepts continued using that domain to direct customers to Curveez.com even after learning of its misconduct (ECF No. 91 at 16). *Alston v. www.calculator.com*, 476 F. Supp. 3d 1295, 1320 (S.D. Fla. 2020) (Bloom, J.) (finding that the plaintiff was likely to succeed on its claim under 15 U.S.C. § 1125(d) by showing bad faith intent through evidence of the defendant's continued use of a domain name even after being notified that it was improperly trafficking under that domain).

New Concepts also objects to Judge Torres's conclusion that Fibertex established threat of irreparable harm, which outweighs any harm to New Concepts (ECF No. 92 at 10-12). New Concepts argues that Fibertex failed to meet its burden because shapewear garments are mostly indistinguishable, and Fibertex could have avoided this litigation had it accepted a return of Co'Coon merchandise. This argument is contradicted, as Judge Torres found, by the testimony of New Concepts's witness that because most shapewear garments are made in the same manner, a compression shapewear company's brand is extremely valuable. (Tr. Evid. Hr'g. Sep. 16, 2020, ECF No. 88 at 55:16-25). Moreover, in balancing the harms to the parties, Judge Torres correctly considered the significant harm to Fibertex's goodwill and reputation if New Concepts is permitted to continue using the Co'Coon marks or providing garments to third parties it knows are infringing on the marks against a relatively unchanged *status quo* for New Concepts.

Lastly, New Concepts complains that Judge Torres erred in concluding that granting the injunction contravenes public policy. Again, the Court has carefully considered Judge Torres's reasoning and is satisfied it is sound. Enjoining New Concepts would not disserve public interest, rather it would help eliminate and prevent consumer confusion. *See Davidoff & CIE, S.A. v. PLD Intern. Corp.*, 263 F.3d 1297, 1304 (11th Cir. 2001) ("the public interest is served by preventing consumer confusion in the marketplace").

For these reasons, the Court **adopts** Judge Torres's report in its entirety, **overrules** New Concepts's objections **(ECF No. 92)**, and **grants in part** Fibertex's motion for a preliminary injunction **(ECF No. 23)**.

New Concepts, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with New Concepts, including Santiago and Segarra, having notice of the Court's Order are hereby restrained and enjoined until further Order of this Court as follows:

1. From removing the Co'Coon marks from Co'Coon products, then re-tagging and re-packaging them using the Curveez mark;
2. From selling, offering for sale, advertising, promoting, or displaying any Co'Coon product that has been re-tagged and re-packaged under the Curveez mark;
3. From selling, offering for sale, advertising, promoting, or displaying Fibertex's Co'Coon products under the Curveez name;
4. From selling, offering for sale, advertising, promoting, or displaying Fibertex's Co'Coon products without identifying them as being Co'Coon products;
5. From using the product description "[p]reviously known as: Co'Coon . . ." to sell, offer for sale, advertise, promote, or display Curveez products, or using other false and misleading product descriptions to sell, offer for sale, advertise, promote, or display Curveez products;
6. From using on-line consumers' reviews of Co'Coon products to sell, offer for sale, advertise, promote, or display Curveez products;
7. From redirecting on-line consumers searching for Co'Coon shapewear products to internet pages promoting Curveez products;
8. From imitating, copying, or making unauthorized use of any of the Co'Coon marks or tradename, counterfeits thereof, or any confusingly similar variations thereof;
9. From importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting, or displaying any product using any simulation, reproduction, counterfeit, copy, or any confusingly similar variation of any of the Co'Coon marks or tradename;
10. From using any false designation of origin or false description, or

performing any act which can or is likely to lead members of the trade or public to believe that New Concepts and/or any product manufactured, distributed or sold by New Concepts is in any manner associated or connected with the Co'Coon marks or tradename or is sold, manufactured, licensed, sponsored, approved or authorized by Fibertex; and

      11.    From assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (1) through (10) above.

By **March 1, 2021**, New Concepts shall file with the Court and serve upon Fibertex's counsel a status report certifying the manner and form in which Defendants have complied with the above.

**Done and ordered** in Miami, Florida on January 29, 2021.

                                                                           _____
                                                                           Robert N. Scola, Jr.
                                                                           United States District Judge